# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| WILLIE JORDAN, ) | |
| ) | |
| Movant, ) | |
| ) | |
| vs. ) | No. 4:02CV1429-SNL |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## ORDER

On April 22, 2005 Movant filed motion for correction or reduction of sentence. On May 27, 2005 the same motion was filed except reference was made to 18 U.S.C. § 3582(b)(2).

On review of both motions, it appears they are identical and accordingly, the Court will address the requests applicable to each motion.

Following trial, the jury returned a verdict of guilty as to Count I on September 21, 1999.

At sentencing, the Court determined that Movant was a Career Offender and determined that the range as to imprisonment, under the Sentencing Guidelines, was 262 to 327 months. The Court sustained a § 5K1.1 motion filed by the Government and departed downward 46 months from the minimum range and sentenced the defendant to 216 months followed by a period of six years supervised release.

The verdict and sentence were sustained on appeal, and the mandate was issued April 23, 2001. USA v. Jordan, 236 F.3d 953 (8th Cir. 2001). Petition for Writ of Certiorari to the United States Supreme Court was denied October 29, 2001.

On April 22, 2005 Movant filed another Notice of Appeal which was denied for lack of

jurisdiction May 18, 2005.

Movant's present motions are denied for various reasons. The first is that the motions are untimely.

Next, the gravamen of the motion is that movant's sentence was imposed in accordance with a federal statutory provision that was declared unconstitutional in United States v. Booker, 125 S.Ct. 738 (2005). Every federal circuit court that has considered the issue, however, has decided that Booker does not apply retroactively to cases on collateral review. See Green v. United States, 397 F.3d 101, 103 (2d Cir. 2005); Humphress v. United States, 398 F.3d 855, 860 (6th Cir. 2005); McReynolds v. United States, 397 F.3d 479, 480 (7th Cir. 2005); Bey v. United States, 399 F.3d 1266, 1269 (10th Cir. 2005); In re Anderson, 396 F.3d 1336, 1340-41 (11th Cir. 2005). This Court agrees with these decisions and finds that they are consistent with the law in this circuit. In United States v. Moss, 252 F.3d 993 (8th Cir. 2001), a panel of the Eighth Circuit Court of Appeals held that a precursor to Booker - Apprendi v. New Jersey, 120 S.Ct. 2348 (2000) - was not retroactively applicable to cases on collateral review because the rule was not of watershed magnitude. The prohibition against applying Booker retroactively to cases on collateral review exists whether movant frames his Booker claim as one arising under the Sixth Amendment or as one arising under the due process clause of the Fifth Amendment. To hold otherwise would undercut Teague v. Lane, 489 U.S. 288 (1989).

In consideration of a § 2255 motion, the failure to raise an issue on direct appeal ordinarily constitutes a procedural default and precludes a defendant's ability to raise that issue at this stage. DeJan v. United States, 208 F.3d 682, 685 (8th Cir. 2000). The same reasoning should be applicable on movant's current motion requests.

**IT IS THEREFORE ORDERED** that movant's motion for correction or reduction of sentence, filed April 22, 2005, and filed again May 27, 2005 are **DENIED**.

Dated this __6th__ day of July, 2005.

_____
SENIOR UNITED STATES DISTRICT JUDGE